**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1287
_____

In re: HESHAM ISMAIL,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5-18-cv-02881)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 5, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed April 28, 2020)
_____

OPINION[*]
_____

PER CURIAM

     Hesham Ismail has filed a petition for a writ of mandamus.  For the reasons below,

we will deny the petition.

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In July 2018, Ismail commenced an employment discrimination suit in the District Court against DS Smith Holdings, Inc., United Corstack, LLC, Interstate Resources, Inc., Interstate Container Reading LLC, and DS Smith PLC. At a settlement conference on April 2, 2019, the parties, through counsel, settled all of Ismail's claims against all of the defendants. The terms of the settlement were placed on the record, which reflects that Ismail agreed to those terms. It appears, however, that Ismail subsequently refused to sign the agreement.

Counsel for Ismail and the defendants then jointly moved to enforce the settlement agreement. On December 20, 2019, the District Court granted their request and ordered Ismail to comply with the terms of the agreement. Despite the District Court's order, Ismail continued to ask the District Court to restore the case to the court's docket. The District Court denied his requests by orders entered December 30, 2019, and January 27, 2020. Ismail filed a notice of appeal. That appeal has been docketed in this Court at C.A. No. 20-1291.

Meanwhile, on February 11, 2020, Ismail filed this petition for a writ of mandamus. He asks us to compel the District Court to disregard the settlement agreement and permit him to proceed to trial.

II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means

[exist] to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (first alteration in original) (internal quotation marks omitted). Mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

We will deny the petition. As noted above, Ismail is presently pursuing an appeal in this matter. Because he can seek the relief he requests there,[1] a writ of mandamus may not issue.

III.

Accordingly, we will deny the petition for a writ of mandamus.

---

[1] We express no opinion in this mandamus proceeding on the merits of the appeal.